UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CR-00078 MTS |
| | ) |
| PHILLIP L. COTTON, | ) |
| | ) |
| Defendant. | ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

**1.    PARTIES:**

The parties are the defendant Phillip L. Cotton, represented by defense counsel Mark A. Hammer, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2.    GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count Two of the Indictment, the Government agrees to dismiss Counts one, Three and Four at the time of sentencing and agrees that no further federal prosecution will be brought in this District relative to the defendant's transportation of J.H. to engage in prostitution, enticement of J.H. to travel in interstate commerce to engage in prostitution, use of facilities of interstate commence with the intent to distribute proceeds from

1

the prostitution of J.H. or use of interstate facilities to promote prostitution or enticement involving J.H. occurring between the dates of January 1, 2018 and February 28, 2019, of which the Government is aware at this time.

The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The Government agrees to make a request for a sentence of eighteen (18) months of imprisonment followed by a period of five (5) years on supervised release and applicable restitution and assessments. The defendant may argue for any statutorily available sentence. The parties understand that the Court is neither a party to nor bound by the Guideline's recommendations agreed to in this document nor the sentencing recommendation of the parties.

The defendant knowingly and voluntarily waives any right, title, and interest in all items (including all data contained therein) seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to: all electronics, digital items and other items seized by law enforcement in the course of the investigation of the offenses giving rise to the charge and presently in the custody of law enforcement. Additionally, the defendant specifically agrees to forfeit a 2015 Maserati vehicle with the VIN: ZAM56RRA9F1134251. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

3.     **ELEMENTS:**

As to Count Two, the defendant admits to knowingly violating Title 18, United States Code, Section 2422(a), coercion and enticement of an individual to engage in prostitution, and admits there is a factual basis for the plea and further fully understands that the elements of the

crime are (1) the defendant knowingly persuaded, induced, enticed or coerced an individual (2) to travel in interstate commerce (3) for the purpose of engaging in prostitution activity.

**4.     FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Between the dates of January 1, 2018 and February 28, 2019, in St. Louis County and within the Eastern District of Missouri, the defendant transported an individual whose initials are J.H. across state lines between the states of Pennsylvania, Nevada, Illinois and Missouri for the purpose of having J.H. engage in acts of prostitution which were transactions involving the exchange of sexual acts involving J.H. for money in the form of United States currency. The defendant directed and facilitated prostitution transactions involving J.H. by multiple means including, but not limited to, paying for and arranging interstate transportation of J.H. by airplane, train and vehicle in order for her to engage in prostitution acts, arranging prostitution acts, producing and disseminating advertisements for prostitution acts involving J.H. via the internet, receiving money from the prostitution acts committed by J.H. and instructing and directing J.H. to engage in prostitution activity and how to do so.

In or about January of 2018, the defendant met J.H, a resident of Philadelphia, Pennsylvania over the social media application Instagram on which the defendant's Instagram account name was "3sc0rts_want3d." During these communications, the defendant told J.H. that he could help her with her financial problems as J.H., a single mother, was experiencing severe financial strain including homelessness. The defendant flew J.H. from Pennsylvania to Las Vegas, Nevada in or about November of 2018, where they stayed at the NoMad hotel over the

dates of November 9, 2018 through November 14, 2018. During this time, the defendant hired a photographer to take nude and pornographic photographs of J.H. which the defendant maintained on his personal electronic devices and which he used in advertisements for prostitution activity and to sell online. In November of 2018, the defendant flew J.H. from Las Vegas, Nevada to St. Louis County, Missouri, where J.H. resided at the home of the defendant in St. Louis County. In Missouri, the defendant posted over the internet photographs of J.H. and advertisements for prostitution activity involving J.H. J.H. engaged in prostitution activity in Missouri during which money was exchanged for sexual acts. The defendant communicated with the customers of prostitution, arranged the dates, times and locations of the prostitution activity and received the money paid by customers to engage in sexual acts with J.H. The defendant also transported J.H. to the Chicago area of Illinois where he directed J.H. to engage in prostitution activities that he had arranged to take place at "Spa Paris," a business which held itself out as providing spa services such as massages and which was owned and operated by a friend and associate of the defendant. J.H. performed prostitution activities at Spa Paris and, as directed by the defendant, provided money earned from her prostitution activities to the defendant and his associate who owned and operated Spa Paris. In November or December of 2018, the defendant arranged and paid for J.H. to travel by train from the Chicago, Illinois area back to St. Louis County, Missouri. Once back in Missouri, the defendant continued to direct and arrange prostitution activity for J.H. in the St. Louis area and the defendant received money from the commission of these acts of prostitution. In total, the defendant received at least ten thousand dollars from the acts of prostitution committed by J.H. at his direction and arrangement. In December of 2018, J.H. asked to be allowed to return to the area of Philadelphia, Pennsylvania to see her five-year old son. While in Philadelphia, in early 2019, J.H. reported via telephone that she was a victim of sex

trafficking to a national human trafficking hotline service which instigated a law enforcement investigation.

5.     **STATUTORY PENALTIES:**

The defendant fully understands that for Count Two, the possible penalty provided by law for the crime of coercion and enticement of an individual to engage in prostitution, to which the defendant is pleading guilty, is imprisonment for a period of not more than twenty (20) years, a fine of not more than $250,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than five years nor more than life.

Per 18 U.S.C. §§ 2429, 3663 and/or 3663A, defendant fully understands that, in addition to other civil or criminal penalties provided by law, the Court may order restitution directing the defendant to pay J.H. (through appropriate Court mechanism) the full amount of J.H.'s losses as determined by the Court that were incurred or are reasonably projected to be incurred by J.H.

Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 117 (relating to, relating to transportation for illegal sexual activity and related crimes, including, but not limited to, 18 U.S.C. § 2422(a), coercion and enticement of an individual to engage in prostitution).

6. **U. S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

A.  **Offense Conduct:**

(1)  **Count One, Coercion and Enticement of an Individual to Engage in Prostitution:**

a.  **Chapter 2 Base Offense Level:** The parties agree that the base offense level is 14, as found in Section 2G1.1(a)(2).

b.  **Chapter 2 Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

(i) four (4) levels should be added pursuant to 2G1.1(b)(1) because the offense involved fraud or coercion.

B.  **Chapter 3 Adjustments:**

The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the Government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the court, and argue that the defendant

6

should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

  **C.**   **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is fifteen (15).

  **E.**   **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

  **F.**   **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.**   **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

  **a.**   **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

  **(1)**   **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2)** **Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues provided the Court accepts the plea and sentences the defendant within or above the Sentencing Guidelines range as determined by the Court.

**b.** **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c.** **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.** **OTHER:**

**a.** **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

  **b.**  **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

  **c.**  **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant may be required to initially register with the state sex offender registration in Missouri, and may also be required to register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws. Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The Defendant understands that parole has been abolished.

  **d.**  **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 117 (relating to transportation for illegal sexual activity and related crimes, including, but not limited to, 18 U.S.C. § 2242(b), coercion and enticement of an individual to engage in prostitution).

  **e.** **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

  **f.** **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663, 3663A and 2429, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2429 and shall include all amounts allowed by Sections 2429, 3663 and 3663A.

**9.** **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

  In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the

attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant may be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that any individual subject to sex offender registration requirements must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with any applicable requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant may be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant may be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

Defendant knowingly and voluntary waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eight Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

**10.    VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11.     CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

[THE REMAINDER OF THIS PAGE WAS INTENTIONALLY LEFT BLANK]

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

7.8.21
Date

Jillian S. Anderson #53918MO
Assistant United States Attorney

7.8.21
Date

Phillip L. Cotton
Defendant

8 July 2021
Date

Mark A. Hammer
Attorney for Defendant

14